UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. GARY S. KATZMANN, JUDGE

------------------------------------------------------------------------ X
SECOND NATURE DESIGNS, LTD.           :
                                      :
    **Plaintiff,**   :
                                      :
*v.*                                  :   Court No. 17-00271
                                      :
UNITED STATES OF AMERICA,             :
                                      :
    **Defendant.**  :
------------------------------------------------------------------------ X

## JOINT STATUS REPORT

Pursuant to this Court's order dated April 22, 2021, *see* ECF 55, the parties submit this Joint Status Report. As stated in the parties' previously submitted status reports, on August 7, 2020, Defendant filed a Motion to Compel Plaintiff to Supplement Its Responses to Defendant's Interrogatories and Requests for Production. *See* ECF 38. Since that time, the parties have continued to engage in discovery. On April 20, 2021, the parties came to agreement on a list of the 853 individual product styles that Plaintiff believes are covered by the claims in its complaint in this litigation. Separate and apart from these 853 styles, Defendant has identified a number of styles for which it is in the process of seeking internal government authorization to assert counterclaims regarding the appropriate classification for these styles. If approved, the total number of disputed styles in this case may be higher than 853.

Although the parties are very close to agreement on the complete universe of styles at issue in this case, Defendant still expects Plaintiff to respond fully to all of Defendant's pending discovery requests. By describing in detail each style at issue in this case, Plaintiff has attempted to respond fully to Defendant's Interrogatories Nos. 3 and 4 ("3. Describe in detail the merchandise at issue in this litigation, including, but not limited to, each and every style number or item number,

physical characteristics of each item and/or corresponding identifying marks," and "4. Describe in detail the manufacturing and production processes for each and every style or item number of the merchandise at issue in this litigation."). *See* Def. Mot. to Compel, at 2 (ECF 38). However, Plaintiff has not yet provided the source documents for the information contained in the summary Excel spreadsheets that it has provided to Defendant since the Motion to Compel was filed, as requested in Defendant's Request for Production (RFP) No. 1 ("1. Identify and produce all documents which contain facts and/or the information necessary for the plaintiff to respond to defendant's first interrogatories, regardless of whether plaintiff relied on the document, and correlate each document with the specific interrogatory response(s)."). *See id.*, Exh. 2. Defendant also expects Plaintiff to complete and/or supplement its responses to Defendant's RFPs Nos. 4-8. *See id.*, RFP Nos. 4-8.

In addition, once Plaintiff has completed its responses to Defendant's discovery requests, Defendant intends to depose plaintiff, through a designated agent, on the complete and accurate universe of subject styles at issue, including styles that were previously inaccurately or incompletely described or not disclosed. Further, now that Plaintiff has finally produced responsive information regarding the nature of the full universe of products it intends to litigate, Defendant, pursuant to USCIT Rule 13(d), is in the process of seeking internal government approval to assert counterclaims for underpaid duties on products imported under cover of the subject entries that were previously inaccurately or incompletely described by Plaintiff.

Plaintiff does not agree with Defendant's point of view on all of the above statements by Defendant. Plaintiff believes that under USCIT Rule 30, Defendant will require leave of Court to hold a further deposition of a deponent who has already been deposed. In addition, Plaintiff will not consent to allow Defendant to amend its Answer to raise a counterclaim after years of

litigation, noting under USCIT Rule 15 leave of Court would be required to allow such an amendment.

In regards to Defendant's RFP Nos. 4-8, after coming to an agreement regarding the product list Plaintiff and counsel has discussed with Plaintiff if there are any further documents or things responsive to these RFPs. Plaintiff considered RFP 4,6, and 7 answered in full. If Defendant insist on further productions for RFP 5 and 8 over plaintiff's objections, Plaintiff will seek a protective order. Further, Plaintiff notes the excel sheets provided to defendant are not summaries of other documents and are taken directly from Second Nature's software program. Plaintiff does believe that some of these issues may be further resolved with further cooperation between the parties.

In light of the above, the parties jointly request that this Court enter a further order requiring the Filing of a Joint Status Report on May 19, 2021 and continue to hold Defendant's Motion in abeyance while the parties continue to work together.

Respectfully submitted,

| | |
|---|---|
| /s/ John M. Peterson | BRIAN M. BOYNTON |
| John M. Peterson | Acting Assistant Attorney General |
| Patrick B. Klein | |
| NEVILLE PETERSON LLP | JEANNE E. DAVIDSON |
| One Exchange Plaza | Director |
| 55 Broadway, Suite 2602 | |
| New York, NY 10006       By: | /s/ Justin R. Miller |
| (212)-635-2730 | JUSTIN R. MILLER |
| jpeterson@npwny.com | Attorney-In-Charge |
| *Counsel for Second Nature Designs, Ltd.* | International Trade Field Office |
| | |
| | /s/ Brandon A. Kennedy |
| | BRANDON A. KENNEDY |
| | Trial Attorney |
| | Department of Justice, Civil Division |
| | Commercial Litigation Branch |
| | 26 Federal Plaza – Suite 346 |
| | New York, New York 10278 |

Dated: May 5, 2021

(212) 264-9237
*Attorneys for Defendant*