Slip Op. 22-86

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **SECOND NATURE DESIGNS, LTD.,** | |
| Plaintiff, | |
| v. | Before: Gary S. Katzmann, Judge |
| **UNITED STATES,** | Court No. 17-00271 |
| Defendant. | |

## OPINION AND ORDER

[The court grants in part and denies in part the United States' motion to file an amended answer and supplemental pleading asserting counterclaim.]

Dated: July 25, 2022

John M. Peterson, Neville Peterson LLP, of New York, N.Y., for Plaintiff Second Nature Designs, LTD. With him on the brief was Patrick B. Klein.

Brandon A. Kennedy, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, N.Y., for Defendant United States. With him on the brief were Brian M. Boynton, Principal Deputy Assistant Attorney General, Patricia M. McCarthy, Director, Justin R. Miller, Attorney-In-Charge, International Trade Office. Of counsel on the brief was Alexandra Khrebtukova, Senior Attorney, Office of the Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection, of New York, N.Y.

Katzmann, Judge: Before the court is Defendant the United States' ("the Government") motion for leave to file an amended answer and supplemental pleading asserting a counterclaim against Plaintiff Second Nature Designs, Ltd. The Government argues that its motion is permissible, timely, and that the equities favor permitting it to amend and to assert a counterclaim. Plaintiff responds that the Government's motion must be denied because its proposed counterclaim and amendments are barred by the finality of liquidation, impermissible on statutory and Constitutional grounds, and unreasonably prejudicial to Plaintiff's ability to participate in the litigation. Except with respect to the proposed counterclaim, which the court redenominates as a

defense pursuant to USCIT Rule 8(d)(2), the court is not persuaded by Plaintiff's arguments and grants the Government's motion for leave.

## BACKGROUND

This action involves the proper tariff classification of "thousands of decorative items" reflecting "at least 852 distinct product styles" imported by Plaintiff. Joint Rule 56.3 Stmt. of Material Facts as to which there are No Genuine Issues to be Tried, Jan. 28, 2022, ECF No. 91-1 ("56.3 Statement"). In general, the at-issue goods consist of a wide variety of items of botanical home décor. Mot. to File an Am. Ans. and a Suppl. Pleading Asserting a Counterclaim at 2, Jan. 28, 2022, ECF No. 92 ("Def.'s Br."); Pl.'s Resp. in Opp. to Def.'s Mot. to Am. at 2, Feb. 18, 2022, ECF No. 95 ("Pl.'s Resp."). The goods were originally liquidated by U.S. Customs and Border Protection ("CBP") under subheading 0604.90.60[1] of the Harmonized Tariff Schedule of the United States ("HTSUS"); a classification Plaintiff timely protested. Compl. at 4–5, Dec. 21, 2017, ECF. No. 7. Following the denial of its protests, Plaintiff timely filed suit on November 17, 2017, contesting CBP's classification and alleging that the goods are instead properly classified under HTSUS provision 0604.90.3000.[2] Summons, Nov. 17, 2017, ECF No. 1; Compl. at 4. The Government answered Plaintiff's complaint on April 12, 2018, defending CBP's classification. Ans., ECF No. 12.

Discovery commenced thereafter, and was slated to conclude on November 2, 2018. Scheduling Order, May 25, 2018, ECF No. 17. However, following numerous motions for

---

[1] "Foliage, branches and other parts of plants, without flowers or flower buds, and grasses, mosses and lichens, being goods of a kind suitable for bouquets or for ornamental purposes, fresh, dried, dyed, bleached, impregnated or otherwise prepared: Other: Other."

[2] "Foliage, branches and other parts of plants, without flowers or flower buds, and grasses, mosses and lichens, being goods of a kind suitable for bouquets or for ornamental purposes, fresh, dried, dyed, bleached, impregnated or otherwise prepared: Other: dried or bleached."

extension by the parties, discovery was ultimately extended until February 14, 2022 -- largely to accommodate the parties' joint efforts to establish the scope of the litigation and prepare an agreed-upon statement of facts.  See Order, Oct. 27, 2021, ECF No. 80; see, e.g., Joint Status Report at 1–3, Dec. 1, 2021, ECF No. 84 ("JSR 84") (discussing efforts to produce a joint statement of facts pursuant to Rule 56.3 of the Court of International Trade).  Shortly before the close of discovery, on January 28, 2022, the Government filed a motion to amend its answer and assert a counterclaim that the at-issue subject merchandise is, in part, correctly classified under HTSUS 6702.90.65.[3] [4] Def.'s Br. at 8–9.  Plaintiff responded in opposition on February 18, 2022, Pl.'s Resp., and the Government replied on March 22, 2022, Def.'s Reply in Supp. of its Mot. to File an Am. Ans. and a Suppl. Pleading Asserting a Counterclaim, ECF No. 99 ("Def.'s Reply").

---

[3] "Artificial flowers, foliage and fruit and parts thereof; articles made of artificial flowers, foliage or fruit: Of other materials: Other."

[4] As explained by the Government:

> Based on information provided by plaintiff at the time of importation describing its merchandise, CBP classified the merchandise upon liquidation under subheading 0604.90.60, HTSUS . . . [which] carries a duty rate of 7 percent *ad valorem*. Now, based on our understanding of the facts of the merchandise, the facts of the record show that 97 product styles of the subject entries consist either solely of artificial flowers or fruit, or articles made of artificial flowers or fruit, and should be properly classified under subheading 6702.90.65, HTSUS . . . [which] carries a duty rate of 17 percent *ad valorem*. Examples include articles that are constructed by gluing materials together to resemble flowers, pumpkins, or apples.
>
> Second Nature has paid duties to the Government on these styles at the rate of 7 percent *ad valorem* – which is the rate of the provision in which CBP classified merchandise at the time of liquidation (subheading 0604.90.60, HTSUS) . . . . Consequently, to preserve our ability to collect the difference in duties should we prevail on the merits of the question of classification, we must assert a counterclaim to collect the money."

Def.'s Br. at 9.

**JURISDICTION AND STANDARD OF REVIEW**

The court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1581(a), which provides that the court "shall have exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930." The court also has jurisdiction over the assertion of counterclaims, as provided in 28 U.S.C. § 1583.

**DISCUSSION**

I.  *The Motion to File a Counterclaim*

As a threshold matter, the court adopts the conclusions of Cyber Power Sys. (USA) Inc. v. United States, 46 CIT __, __, Slip Op. 22-85 (Jul. 20, 2022) and finds that there is no statutory basis for the Government's proposed counterclaim. Although 28 U.S.C. § 1583 grants the court exclusive jurisdiction over "any counterclaim, cross-claim, or third-party action of any party" involving the same "imported merchandise that is the subject matter" of an ongoing civil action before the court, its jurisdictional grant is not a cause of action.[5] Accordingly, the Government's motion to file a supplemental pleading asserting a counterclaim is denied.

However, as established by Jarvis Clark Co. v. United States, 773 F.2d 873 (Fed. Cir. 1984), the court is permitted to "reach the correct decision" with respect to classification of merchandise on its own initiative, regardless of the classifications asserted by the parties. 733 F.2d at 878. Likewise, USCIT Rule 8(d)(2) provides that "[i]f a party mistakenly designates a defense

---

[5] This is the case even though, as the Government notes, Congress may have intended to permit the assertion of counterclaims through the enactment of 28 U.S.C. § 1583. Def.'s Br. at 11 (quoting H.R. Rep. No. 96-1235 at 35 (1980)). Ultimately, the court is bound by the text of the statute, which provides only that the court has jurisdiction to hear counterclaims properly asserted -- and does not separately permit the assertion of such counterclaims where, as here, the Government contests the final classification of disputed merchandise.

as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated, and may impose terms for doing so." Here, in exercise of its authority both to consider the totality of potential classifications and to redenominate a counterclaim as a defense, the court permits the assertion of the Government's alternative classification as a defense within its amended answer.

## II. The Motion to Amend

Although USCIT Rule 15 provides that "the court should freely give leave [to amend] when justice so requires, permitting amendment is ultimately within the discretion of the court. Leave to amend may be denied on the basis of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Intrepid v. Pollock, 907 F.2d 1125, 1128 (Fed. Cir. 1990) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). The Government contends that the court should exercise its discretion to permit amendment here in reflection of the timeliness of its motion and the support of the equitable factors traditionally considered by the court. Def.'s Br. at 14 (citation omitted). Plaintiff argues that the Government's motion is impermissible, and that to the extent it is not impermissible the equitable factors nevertheless require that it be denied. Pl.'s Resp. at 4–9, 20, 25. For the following reasons, the Government prevails.

### A. Futility

Plaintiff alleges that the Government's attempt to recover additional duties is futile because the Government "has failed to identify a cause of action against Plaintiff, and because the allowance of [a] counterclaim would violate the equal protection clause of the Constitution." Pl.'s Resp. at 9. Specifically, Plaintiff argues that the assertion of alternative classifications would deprive "those who exercise their fundamental constitutional right to seek judicial review of a

Government exaction in this Court" of "the protection of the finality of liquidation set out in 19 U.S.C. § 1514" and would subject them to the risk of "further loss of property" as a result of the exercise of that right. Id. at 26.

As the court has declined to find a cause of action permitting the Government to assert counterclaims for re-classification, Plaintiff's arguments regarding the permissibility of such counterclaims are moot. To the extent that Plaintiff intends those arguments to extend to the assertion of defenses alleging alternative classifications, they are unavailing.

First, although the Government has no cause of action for the assertion of a counterclaim for increased duties, it is not barred from otherwise arguing for a different classification at a higher duty rate. See, e.g., Tomoegawa USA, Inc. v. United States, 12 CIT 112, 113, 122 (1988), aff'd in part, vacated in part, per curiam 861 F.2d 1275 (Fed. Cir. 1988) (mem.), remanded to 15 CIT 162 (1991) (adopting the Government's alternative classifications, proposed in light of new information initially unavailable to CBP); Schlumberger Tech. Corp. v. United States, 39 CIT __, __, 91 F. Supp. 3d 1304, 1323 (2015) aff'd 845 F.3d 1158 (Fed. Cir. 2017) (acknowledging the Government's assertion of alternative classifications in addition to CBP's classification on appeal); Dollar Trading Corp. v. United States, 67 Cust. Ct. 308, 315–16 (1971) (noting that the presumption of correctness does not extend to the Government's assertion of two additional possible classifications for the subject merchandise). Accordingly, its assertion of alternative classifications is permissible here.

Second, Plaintiffs seeking judicial review of CBP's assessment of duties are indeed barred from enjoying the "protection" of final liquidation -- explicitly, by the text of 19 U.S.C. § 1514(a). The law provides that CBP's liquidation is "final and conclusive" except when "a civil action contesting the denial of a protest" is brought before this court. 19 U.S.C. § 1514(a). This exception

to the finality of liquidation permits importers seeking judicial review of CBP's decisions to obtain relief should they prevail. In other words, by providing for a stay of final and conclusive liquidation, § 1514(a) allows the exercise of precisely the "fundamental constitutional right" that Plaintiff claims to defend.

Contrary to Plaintiff's arguments, the entries at issue have not been finally liquidated. As the Government notes, 19 U.S.C. § 1514(a) provides that with respect to any entry, liquidation, reliquidation, or decision by CBP,

> [T]he classification and rate and amount of duties chargeable . . . shall be final and conclusive upon all persons (including the United States and any officer thereof) unless a protest is filed in accordance with this section or unless a civil action contesting the denial of a protest, in whole or in part, is commenced in the United States Court of International Trade.

Here, it is undisputed that Plaintiff timely contested the denial of the relevant protests by filing the instant action. Summons; Def.'s Reply at 14. Accordingly, the liquidation of the entries contested by Plaintiff is not final. Because the Government's proposed alternative classification relates to the same entries, it is not barred by finality, and is accordingly not futile.

### B. Timeliness and Bad Faith

The Government's motion for leave to file an amended answer and supplemental pleading asserting a counterclaim was submitted on January 28, 2022, nearly four years after its answer. See Ans. While the elapsed time is substantial, the Government asserts that its motion was nevertheless timely because (1) it was not initially provided with the information underlying its proposed amendments and alternative classifications (characterized as counterclaims), and (2) it timely submitted its motion upon learning that information. Def.'s Br. at 13–14. Plaintiff responds that the Government was aware of the relevant information at least as of November 2018, when it

deposed Plaintiff's president regarding the subject merchandise, and that its motion is thus untimely. Pl.'s Resp. at 5.

The court has previously held that the timeliness of the Government's assertion of alternative classifications "depends upon when the Government acquired knowledge of the facts and circumstances that form the basis" of its proposed classifications. Tomoegawa, 15 CIT at 186. It is the view of the court that, as previously stated in Tomoegawa, the Government was obliged to submit its alternative classifications within a reasonable time upon acquiring the necessary knowledge. Id.

The court finds that the motion was timely filed. Throughout the multi-year discovery process, the Government consistently highlighted its concern that the merchandise was misclassified, and diligently and in good faith attempted to identify the characteristics of specific product styles within the subject merchandise such that they could be liquidated under the appropriate HTSUS provisions. See Def.'s Br. at 13–14; see, e.g. Def.'s Mot. to Compel Pl. to Supplement its Resps. to Def.'s Interrogs. and Reqs. for Produc. at 3, Aug. 7, 2020, ECF No. 38 ("Def.'s Mot. to Compel") (noting that "[b]ased on the information produced by plaintiff thus far, it is likely that many of the styles covered by the subject entries are properly classifiable in provisions other than the subheading claimed by plaintiff in its complaint . . . [h]owever, as we explain below, plaintiff has not provided the Government with sufficient information to ascertain the specific merchandise at issue in this case, the physical characteristics and composition of that merchandise, and the manufacturing of that merchandise," and accordingly requesting the court to compel Plaintiff to supplement its discovery responses); Joint Status Report at 2, May 5, 2021, ECF No. 56 ("JSR 56") (representing that the Government is "in the process of seeking internal government approval to assert counterclaims for underpaid duties on products imported under

cover of the subject entries that were previously inaccurately or incompletely described by Plaintiff"); JSR 84 at 2 (indicating that Plaintiff had, since the court's order of November 10, 2021, "obtained and added additional information" on one of the categories of subject merchandise to the joint statement of facts, and again noting that the Government "is in the process of finalizing its motion to seek leave . . . to assert counterclaims for underpaid duties on products imported under cover of the subject entries that were previously inaccurately or incompletely described by Plaintiff").

As the court has previously held, even where substantial time has elapsed between the filing of a defendant's answer and the assertion of proposed alternative classifications by amendment, evidence that the defendant "exercised reasonable diligence" in identifying the appropriate classification supports a determination of timeliness. Tomoegawa, 15 CIT at 188. Applying this principle in Tomoegawa, the court found that the Government's motions to amend were not untimely despite being filed seven and eight years after the original answers and four years after the Government "became aware of the existence of the facts necessary" to assert an alternative classification because (1) the Government's duty to amend did not arise until after the Federal Circuit affirmed the re-classification of analogous merchandise in a related case, and (2) it diligently pursued its re-classification arguments in the wake of the Federal Circuit's ruling. Id. at 188–89. Here, the parties jointly acknowledged that Plaintiff was still obtaining "additional" information regarding the at-issue product styles as late as December 2021, only one month before the Government filed the instant motion. JSR 84 at 2. As the Government thus did not "gain full knowledge of the facts forming the basis" of its alternate classifications until at least December 2021, despite diligently and in good faith working to obtain the relevant information, the court

concludes that its submission of a motion to amend on January 28, 2022, was timely. Accordingly, the factors of timeliness and good faith favor allowing amendment.[6]

### C. *Prejudice*

Plaintiff's argument that it will suffer "significant prejudice" if the motion is granted is unavailing. Plaintiff was aware of the Government's belief that the subject merchandise was properly classifiable in "many tariff provisions other than" those asserted by Plaintiff and CBP at least as of August 7, 2020, when the Government expressed such belief in its motion to compel. Def.'s Mot. to Compel at 3. Likewise, Plaintiff was aware of the Government's intention to assert alternative classifications at least as of May 5, 2021, when the Government stated that intention in the parties' Joint Status Report. JSR 56 at 2. The Government's motion is accordingly "not a surprise to [P]laintiff," Tomoegawa, 15 CIT at 188, nor did the Government's delay deprive Plaintiff of "an adequate opportunity to prepare its case concerning the new issues raised," Pl.'s Resp. at 8. Plaintiff was amply warned of the possibility that the Government would assert alternative classifications, and is thus not prejudiced by their assertion at this stage.

Likewise, the procedural posture of the case does not support the denial of the Government's motion. While the motion was submitted near the end of discovery (it was filed on January 28, 2022, with discovery slated to end on February 14, 2022) the discovery period had not yet ended. See Order, Oct. 27, 2021, ECF No. 80 (granting parties' joint motion to amend scheduling order). Furthermore, by the time the Government filed its motion, the discovery period had already been extended nine times from its original end date of November 2, 2018. Had Plaintiff been concerned that it would be deprived of additional necessary discovery despite the

---

[6] For the same reasons, the court concludes that there is no evidence that the Government failed to take advantage of prior opportunities to cure deficiencies in its answer.

four-year-long discovery process it had already undertaken, it had adequate time to file another request for extension following the Government's motion to amend. It did not, and cannot now claim that resultant non-specific harms require denial of the Government's motion.

Accordingly, the court concludes that the factors under consideration favor granting the Government's motion to amend its answer.

## CONCLUSION

For the reasons stated, it is hereby

**ORDERED** that the Government's motion to file a supplemental pleading asserting a counterclaim is denied; it is further

**ORDERED** that the Government's motion to file an amended answer is granted; it is further

**ORDERED** that the proposed counterclaim is redenominated a defense pursuant to USCIT Rule 8(d)(2); and it is further

**ORDERED** that the Government shall file an amended answer incorporating such defense within thirty days of the date of this order.

/s/    Gary S. Katzmann
           Judge

Dated: July 25, 2022
      New York, New York