UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. LISA W. WANG, JUDGE

```
------------------------------------------------------------------ X
SECOND NATURE DESIGNS, LTD.,            :
                                        :
        Plaintiff,                      :
                                        :
        v.                              :        Court No. 17-00271
                                        :
UNITED STATES OF AMERICA,               :
                                        :
        Defendant.                      :
------------------------------------------------------------------ X
```

## CONSENT MOTION FOR AN EXTENSION OF TIME

Pursuant to Rules 6 and 16 of the Rules of the United States Court of International Trade, plaintiff respectfully submits this consent motion for an extension of time to allow the parties an additional four months until May 8, 2026 to complete discovery in this case. This is Plaintiff's sixth request for an extension of time in this phase of the case.

When a motion is made prior to a filing deadline, the Court may, for good cause, extend the time within which a party must act. USCIT Rule 6(b)(1)(A). "Good cause requires the moving party to show that the deadline for which an extension is sought cannot reasonably be met despite the movant's diligent efforts to comply with the schedule." *POSCO*, *et al. v. United States*, Ct. Int'l Trade No. 16-00225, April 21, 2017 order (Docket entry no. 50) (citing *High Point Design LLC v. Buyers Direct, Inc.*, 730 F.3d 1301, 1319 (Fed. Cir. 2013) (discussing "good cause" in the context of Federal Rule of Civil Procedure 16(b)); and *United States v. Horizon Prods. Int'l, Inc.*, 34 F. Supp. 3d 1365, 1367 (2014) (diligence is the "primary consideration" under the general good cause standard applicable to USCIT Rules 6(b) and 16(b)).

Good cause exists for amending the current scheduling order. As previously detailed, after reviewing the products left at issue in this case and conferring between counsel and Plaintiff,

Plaintiff provided the Government with a proposed settlement of litigation for Case No. 17-271 and the Government responded to the proposal. The Government followed up with plaintiff stating they believed that plaintiff had overstated the total amount of duties at issue in the case. After review of the Government's breakdown of duties, Plaintiff provided an additional spreadsheet breaking down items in entries at issues that the Government was unable to breakdown in their review on August 22, 2025. The Government is still in the process of reviewing Plaintiff's most recent spreadsheet. The recent government shutdown, in part, caused delays in this review. The parties will continue to confer about whether this matter is amenable to resolution without further litigation. As such, the parties believe that good cause has been shown to grant this extension.

On January 5, 2026, counsel for plaintiff contacted Mathias Rabinovitch, counsel for the defendant, to request this extension. Mr. Rabinovitch consented to the relief requested in this motion. Plaintiff submits that good cause for an extension has been shown and respectfully request that the Court grant this motion.

                            Respectfully submitted,

                            NEVILLE PETERSON LLP

                            /s/ John M. Peterson
                                John M. Peterson
                                Patrick B. Klein
                                One Exchange Plaza
                                55 Broadway, Suite 2602
                                New York, NY 10006
                                (212) 635-2730
                                jpeterson@npwny.com

Dated: January 5, 2026